**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JASON W. VAUGHN,            )
                               )     Case No. 3:24-cv-00016
           *Petitioner*,    )
                               )
        v.                 )     Magistrate Judge Kezia O. L. Taylor
                               )
PETER WEEKS, District Attorney of   )
Blair County, *et al*.,             )
                               )
           *Respondents*.  )

## MEMORANDUM OPINION

Pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Jason W. Vaughn ("Petitioner"). ECF No. 9. The Petition challenges Petitioner's judgment of sentence at CP-07-CR-0000731-2020 in the Court of Common Pleas of Blair County, Pennsylvania. For the following reasons, the Petition will be dismissed since it was untimely filed and because all the claims in it are procedurally defaulted.

### A. **Relevant Background**[1]

Petitioner was charged with one count each of possession with intent to deliver, possession of a controlled substance, possession with intent to use drug paraphernalia, and public drunkenness. *See* ECF No. 17 at 2. The charges stemmed from an incident that occurred on December 1, 2019, when Petitioner was found unconscious in the bathroom of a Giant Eagle. *Id*. at 1. Petitioner told the trooper who responded to the scene that he had overdosed on heroin. *Id*. The trooper learned that Petitioner had an active warrant from Bedford County, Pennsylvania,

---

[1] The Court takes judicial notice of the docket of Petitioner's criminal case, which is the subject of Petitioner's attack herein. It is available at: https://ujsportal.pacourts.us/ (site last visited on February 5, 2025).

and followed him to the hospital where he informed Petitioner of the active warrant. *Id*. The Bedford County sheriff then arrived and took Petitioner into custody. *Id*. The trooper searched Petitioner's belongings and found seven packets of suspected heroin, 23.95 grams of suspected methamphetamine in a plastic bag, three syringes, pills in a contact lens case, a knife, and smoking devices with residue. *Id*. at 1-2. Petitioner was then charged in a criminal complaint in Blair County with the above referenced counts. *Id*. at 2.

On February 5, 2021, Petitioner entered guilty pleas to possession with intent to distribute and possession of drug paraphernalia. *Id*. That same day, Petitioner was sentenced to time served to 23.5 months of incarceration, followed by three years of probation. *Id*. Petitioner did not file post-sentence motions, nor did he appeal his judgment of sentence. *Id*. Almost three years later, however, Petitioner filed a petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"). *Id*. at 3. The petition was filed on or about January 4, 2024, and it was dismissed as untimely on February 8, 2024. *Id*. Petitioner did not appeal that order, and he appears to have initiated these habeas proceedings on January 31, 2024, prior the dismissal of his PCRA petition.[2] ECF No. 9.

**B. <u>Discussion</u>**

The Court has identified the following four claims in the Petition:

1. He was entitled to immunity from prosecution under Pennsylvania's Drug Overdose Response Immunity statute, 35 P.S. § 780-113.7.

2. His bookbag was subjected to an illegal search under the Fourth Amendment to the United States Constitution.

---

[2] This is the filing date pursuant to the prisoner mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (discussing prisoner mailbox rule).

3. He was subjected to a custodial police interrogation without *Miranda*[3] warnings.

4. His counsel was ineffective for failing to seek evidence or make any arguable challenges, including a challenge to the amount of time credit he received.

ECF No. 9. Respondents argue that the Petition should be dismissed on the basis that it was untimely filed and because Petitioner's claims are unexhausted and procedurally defaulted. ECF No. 17.

## 1. **The Petition is untimely.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

3

(2)     The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment
or claim is pending shall not be counted toward any period of limitation
under this section.

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any other exception or equitable tolling should be applied on the facts presented.

First, the "trigger date" for Petitioner's claims is the date on which his judgment of sentence became final.[4] In this case, Petitioner did not file a direct appeal, so his judgment of sentence became final on March 8, 2021, which was upon the expiration of the thirty-day period to seek review with the Superior Court of Pennsylvania after he was sentenced on February 5,

---

[4] Petitioner's claims do not suggest that an alternative "trigger date" should be utilized. Although Petitioner states that he filed his Petition within one year of when he "became aware of the grounds raised" in the Petition, as well as within one year of when he "learned of the procedure to file a Federal Habeas Corpus" petition, and therefore argues for the applicability of section 2244(d)(1)(D), *see* ECF No. 9 at 13-14, that section applies to the date on which a *factual predicate* for a claim or claims was discovered, not the date on which a petitioner realizes that he has grounds to challenge his conviction or the date he learns of the procedural method by which to do so. It is clear in this case that the facts supporting Petitioner's claims were all known to him, or could have been discovered by him through due diligence, by no later than the date his judgment of sentence became final.

2021. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes "final" at the conclusion of direct review or the expiration of time for seeking such review). Thus, the first day of Petitioner's one-year statute of limitations period was March 9, 2021, and absent any tolling for "properly filed" applications for post-conviction relief under section 2244(d)(2), Petitioner had one year from that date, or until March 9, 2022, to file a timely federal habeas petition challenging his judgment of sentence.  Because Petitioner did not file his Petition in this case until January 31, 2024, the Court must next determine whether Petitioner can take advantage of the tolling provision in section 2244(d)(2).

Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding.  Here, Petitioner filed a PCRA petition on or about January 4, 2024.  By that time, however, Petitioner's one-year limitations period to file a federal habeas petition had already expired.  Additionally, the Court notes that his PCRA petition was dismissed as untimely, and an untimely post-conviction petition is not considered "properly filed" for purposes of AEDPA.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (For purposes of AEDPA, an untimely PCRA petition is not considered to have been "properly filed" and is not entitled to statutory tolling); *see also Merritt v. Blaine*, 326 F.3d 157, 165 (3d Cir. 2003) (holding that untimely PCRA petition does not toll the federal limitations period even where the petitioner sought to pursue his PCRA petition under a statutory exception to the PCRA's time bar).  As previously noted, Petitioner initiated these federal habeas proceedings on January 31, 2024, almost two years after his one-year limitations period expired. His Petition was therefore untimely filed.

Having failed to meet AEDPA's one-year statute of limitations, the Petition can only be saved by the application of equitable tolling or the Supreme Court's recognized fundamental miscarriage of justice exception. *See Holland v. Florida*, 560 U.S. 631 (2010) (statute of limitations may be equitably tolled with showing of diligence and extraordinary circumstances); *see also McQuiggin v. Perkins*, 569 U.S. 383 (2013) (equitable exception to statute of limitations for actual innocence). Petitioner, however, has not argued for the applicability of either. As such, the Petition will be dismissed as untimely.

### 2.  Petitioner's claims are procedurally defaulted.

The Court also finds that the claims in the Petition are subject to dismissal because they are procedurally defaulted.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. *See* 28 U.S.C. § 2254(c); *see also Castille v. Peoples*, 489 U.S. 346, 350 (1989). In order to exhaust, a petitioner must invoke "one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. It is Petitioner's burden to show that he has exhausted his available state remedies. *Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 2001). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

A review of the state court records and dockets in this matter shows that Petitioner has not met his burden of demonstrating compliance with the exhaustion requirement because he did not invoke "one complete round of [Pennsylvania]'s established appellate review process." *O'Sullivan*, 526 U.S. at 845.  Additionally, it appears that Petitioner would be time-barred from filing any appeals if he were to return to the state courts to comply with the exhaustion requirement.  In a situation such as this where state law clearly forecloses state court review of claims which have not previously been presented to a state court, exhaustion is considered satisfied but the doctrine of procedural default generally bars federal habeas corpus review.  *See McCandless v. Vaughn*, 172 F.3d 255, 261-62 (3d Cir. 1999); *see also Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012).  The doctrine of procedural default, like the doctrine of exhaustion, is "grounded in concerns of comity and federalism."  *Coleman*, 501 U.S. at 730.  Federal courts may not consider procedurally defaulted claims unless "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice."  *Id*.  In this case, Petitioner has failed to demonstrate any recognized basis by which to excuse the procedural default of his claims.  As such, the Petition will also be dismissed for this reason.

## C.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not met the requisite showing in this case. Accordingly, a certificate of appealability will be denied.

A separate Order will be entered.

Dated: March 17, 2025.


/s/ Kezia O. L. Taylor
Kezia O. L. Taylor
United States Magistrate Judge


Cc:     Jason W. Vaughn
        1703658
        Blair County Prison
        419 Market Square Alley
        Hollidaysburg, PA 16648

        Jason W. Vaughn
        QQ4599
        Quehanna Boot Camp[5]
        4395 Quehanna Highway
        Karthaus, PA 16845

        Counsel of record
        (Via CM/ECF electronic mail)

---

[5] This Opinion will be mailed to Petitioner at his current address of record, Blair County Prison. And, although Petitioner neglected to file a notice of change of address, it will also be mailed to Petitioner at Quehanna Boot Camp, his current place of confinement as reflected by the Pennsylvania Department of Corrections' Online Inmate Locator. Petitioner is reminded that it is his responsibility to keep his address current and to notify the Court whenever there is a change in his residence.